IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT DEHERRERA, as Personal
Representative of the Estate of ROBERT
DEHERRERA III, Deceased,

    Plaintiff,

vs.                                                                    No. _____

FORD MOTOR COMPANY, and
CIMINO BROTHERS FORD INC.,

    Defendants.

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

Defendant Ford Motor Company ("Ford") submits this timely-filed Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, and in support hereof states as follows:[1]

### A. Background

1. Plaintiffs filed their Complaint on May 16, 2013, in the First Judicial District of the State of New Mexico, County of Santa Fe, Case No. D-101-CV-2013-01352. That Complaint named Ford and Phil Long Ford of Raton LLC as defendants. Defendant Ford was served with the Complaint on May 29, 2013, via certified mail. On May 31, 2013, Plaintiff filed a First Amended Complaint naming Ford and Cimino Bros. Ford Inc. as defendants after apparently learning that previously named-defendant Phil Long Ford of Raton LLC was not an entity that sold the subject vehicle. The First Amended Complaint was served on Ford on June 18, 2013, via regular mail. A copy of the Civil Docket Sheet and all process, pleadings, and orders served upon Ford from Case No. D-101-CV-2013-01352 is attached as **Exhibit A (parts A1 and A2)**,

---

[1] Defendant Cimino Bros. Ford, Inc. consents in writing to this Notice of Removal, as evidenced by this affirmative statement of counsel and the signature of counsel for Cimino Bros. Ford, Inc., who is the same counsel for Ford Motor Company.

and includes further filings from the State Court to satisfy D.N.M.LR-Civ. 81.1(a). In the event Exhibit A does not comply with D.N.M.LR-Civ. 81.1(a), Ford will satisfy the requirements of that local rule within the twenty-eight day period provided by the rule.

2. According to Plaintiff's First Amended Complaint at ¶ 1, Plaintiff Robert Deherrera is a resident of New Mexico. *See* Ex. A2. To clarify in the event there is any confusion or question, because the estate-party whom named-plaintiff Robert Deherrera represents (his deceased son) was a resident of New Mexico (Robert Deherrera III was a resident of Las Cruces, NM at the time of his death, based on, *inter alia*, statements made by Robert Deherrera to police shortly after the accident), Robert Deherrera is a citizen of New Mexico for diversity purposes in his capacity as a Personal Representative. 28 U.S.C. § 1332(c)(2). In short, Plaintiff is undoubtedly a citizen of New Mexico for purposes of the removal analysis.

3. Ford is a Delaware corporation with its principal place of business in Michigan, and is thus a citizen of Delaware and Michigan for diversity purposes. 28 U.S.C. § 1332(c)(1).

4. Cimino Bros. Ford, Inc. ("Cimino Bros.") is a New Mexico corporation that previously maintained a principal place of business in New Mexico until 2010, and then ceased to actively conduct any business or maintain any location at which business was conducted. **Exhibit B**, Affidavit of Phil Cimino, at ¶ 4. Thus, Cimino Bros. is a citizen of New Mexico for diversity purposes. *Id.*; 28 U.S.C. § 1332(c)(1); *see also* Ex. A2, at Plaintiff's First Amended Complaint ¶ 3.

**B.  Grounds for Removal**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Removal of this action is proper pursuant to 28 U.S.C. § 1441(a), absent Plaintiff's fraudulent joinder of

2

Cimino Bros.  This is a civil action between citizens of different states (absent Plaintiff's fraudulent joinder of Cimino Bros.) and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  This is a product liability action where Plaintiff claims damages for wrongful death and all related damages resulting from the alleged wrongful death arising out of a rollover accident.  Ex. A2, at Plaintiff's First Amended Complaint ¶¶ "WHEREFORE"(1)-(7).

In determining the amount in controversy, the Court should look to the "allegations of the complaint, or, where they are not dispositive, by the allegations of the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  "A defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008).  The Court may look to the substance and nature of the injuries and damages described in the pleadings.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000).  In this type of product liability case involving a death, the amount in controversy exceeds $75,000.00.  Thus, Ford affirmatively states that the amount in controversy exceeds $75,000.00, a statement which Plaintiff will surely not dispute.

2.  For purposes of federal diversity jurisdiction, the parties have the citizenships set forth above in Paragraphs A(2) through A(4).  Plaintiff has alleged information in the First Amended Complaint that would indicate there is no diversity of citizenship because Plaintiff and Defendant Cimino Bros. are citizens of the State of New Mexico.  Absent Cimino Bros., complete diversity would exist in this action under Plaintiff's allegations.  However, Cimino Bros. is not a proper party to this action because it is a fraudulently joined defendant in light of the absence of any claims being asserted against Cimino Bros. in Plaintiff's Complaint that could

possibly have any merit given that Cimino Bros. is <u>not</u> a seller/supplier of the subject vehicle, as set forth in Paragraph B(3) below in more detail.

3. This case is removable, absent Plaintiff's fraudulent joinder of Cimino Bros., because it is an action between "citizens of different States." 28 U.S.C. § 1332(a)(1). Moreover, "none of the parties in interest <u>properly</u> joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Plaintiff is a citizen of New Mexico, Ford is a citizen of Delaware and Michigan, and Cimino Bros. is not a party "properly joined." Plaintiff alleges a conglomerate claim against Cimino Bros. for strict liability, negligence, and failure to warn in connection with placing the allegedly defective subject vehicle into the stream of commerce by selling it in New Mexico. Ex. A2, Plaintiff's First Amended Complaint, at ¶ 21. But Plaintiff's joinder of Cimino Bros. is an improper attempt to defeat diversity jurisdiction because Cimino Bros. is <u>not</u> a seller/supplier of the subject vehicle. Ex. B, Affidavit of Phil Cimino, at ¶¶ 6-8; *see e.g.* UJI Civ. 13-1402, -1406, and -1415 NMRA (product liability only attaches to an actual supplier of the vehicle for negligence, strict liability, and failure to warn theories). These facts and the obvious lack of any basis for a claim or liability will be the subject of a motion by Cimino Bros. shortly after the filing of this Notice of Removal if Plaintiff refuses to voluntarily dismiss Cimino Bros. As a consequence, the citizenship of Cimino Bros. should be disregarded by this Court in determining the existence of diversity jurisdiction over this action, as there is no possibility that Plaintiff would be able to establish its alleged cause of action against Cimino Bros. in the state court case as-filed. *See Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592 at *1 (10th Cir. Apr. 14, 2000) (unpublished); *see also Provencio v. Mendez*, No. Civ. 05-623, 2005 U.S. Dist. LEXIS 39012, at

\*25 (D.N.M. Sept. 29, 2005) (Browning, J.) (stating that "there must be no possibility the [p]laintiffs have a claim against [the non-diverse defendant].").

    4.  This Notice of Removal is timely filed because "in this situation it is necessary only that the notice of removal be filed within a reasonable time after the diverse defendants learn that the joinder of non-diverse parties was fraudulent."  14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure 3731, at 579 & n. 80 (4th ed. 2009). Regardless, this Notice of Removal is timely even under 28 U.S.C. § 1446(b)(3), which states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Here, this case was initially not removable by Ford at the time it was served based on the allegations in Plaintiff's First Amended Complaint. When Phil Cimino provided Ford with Exhibit 1 to Phil Cimino's Affidavit (Ex. B) on July 1, 2013, Ford for the first time could ascertain from "an amended pleading, motion, order or other paper" that Cimino Bros. was plainly an improper party and that removal was possible due to Plaintiff's fraudulent joinder.  *See* 28 U.S.C. § 1446(b)(3).  Therefore, this Notice of Removal is timely filed, as well as filed within thirty (30) days of Ford's receipt of the documentation from Phil Cimino "from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

    5.  A copy of this Notice of Removal is being filed with the Clerk of the First Judicial District of the State of New Mexico, County of Santa Fe.

    6.  A Civil Cover Sheet for this matter is attached as **Exhibit C**.

7.  Ford respectfully demands that the trial of this matter in federal court be heard by a full jury.

**WHEREFORE**, Defendant Ford Motor Company requests that the action now pending in the First Judicial District of the State of New Mexico, County of Santa Fe, as Case No. D-101-CV-2013-01352, be removed from that state court to this United States District Court.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By /s/ *(signature)*
        Jeffrey M. Croasdell
        Todd E. Rinner
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone:  (505) 765-5900

and

Craig A Logsdon, Esq.
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6253
Facsimile: (602) 382-6070
Email: clogsdon@swlaw.com
*Attorneys for Defendant Ford Motor Company
and Cimino Bros. Ford, Inc.*

I hereby certify that on July 31st, 2013, a copy of the foregoing was served on all counsel and parties of record via email and/or certified mail as set forth below:

James B. Ragan
Law Offices of James B. Ragan
723 Coleman Avenue
Corpus Christi, TX  78401
jimragan13@gmail.com
Attorney for Plaintiff

Gilbert Arrazolo
Arrazolo Law, Inc.
715 Tijeras NW
Albuquerque, NM  87102
arrazololaw@gmail.com
Attorney for Plaintiff

_____
Todd E. Rinner