IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERTO DEHERRERA, as Personal Representative of the Estate of ROBERT DEHERRERA III, Deceased,**

      **Plaintiff,**

**v.**                             **No. CIV-13-0706 WPL/LAM**

**FORD MOTOR COMPANY, and CIMINO BROTHERS FORD INC.,**

      **Defendants.**

## STIPULATED PROTECTIVE/CONFIDENTIALITY ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercially sensitive and proprietary documents to be produced by FORD MOTOR COMPANY ("Ford") in this action, or which Ford has previously produced and agrees may be treated as if produced in this action, including but not limited to Volvo documents, it is ordered that:

1.    Documents to be produced by Ford in this litigation, as well as Ford documents produced by Plaintiff, that contain confidential, commercially sensitive and/or proprietary information shall hereafter be referred to as "Protected Documents." A document or portion of a document that Ford determines in good faith to be a Protected Document may be designated as confidential by marking or placing the applicable notice "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or substantially similar language on media containing Protected Documents, on the document itself, or on a copy of the document, in such a way that it does not obscure the text or other content of the document. Protected documents shall not include: (1) materials that on their face show that they have been published to the general public; (2) documents that have been submitted to any government entity without a request for

confidential treatment; and (3) documents that have been produced by Ford in prior litigation without any request, motion to the Court, or Order by the Court governing the confidentiality and/or protection of such materials.

       2.      Any document or any information designated as "Subject to Protective Order", or other similar language in accordance with the provisions of this Order, whether identified as "Sharing" or "Non-Sharing", shall only be used, shown or disclosed as provided in this Order.

       3.      As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (*e.g.*, hard copy, electronic, digital, *etc.*) and on whatever media (*e.g.*, hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

       4.      If a party disagrees with the "Protected" designation of any document, the party will so notify Ford in a written letter, identifying the challenged document(s) with specificity, including Bates-number(s) where available. If the parties are unable to resolve the issue of confidentiality regarding the challenged document(s), Ford will then timely apply to the Court to set a hearing for the purpose of establishing that the challenged document(s) is/are confidential. Any document so marked as "Protected" will continue to be treated as such pending determination by the Court as to its confidential status. The burden of proving that a Protected Document contains confidential information is on the party producing the document.

       5.      Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

   a. Counsel of Record for the parties, and the parties;

   b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

   c. Experts and non-attorney consultants retained by the parties for the preparation and/or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford or Volvo; and

   d. The Court, the Court's staff, witnesses, and the jury in this case; and

   e. With respect to documents designated as "Sharing" or "Subject to Protective Order," attorneys representing Plaintiff(s) and the experts and non-attorney consultants retained by such attorneys, in other cases pending against Ford involving a involving a rollover of a 1995-2001 Ford Explorer vehicle and similar defect allegations regarding the glass, roof, and restraint system, provided no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford or Volvo.

7. Plaintiff/Plaintiff's Counsel must make reasonable efforts to ensure the individuals described in paragraphs 6(c) and 6(e) above are Qualified Persons.

8. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for Plaintiffs shall retain each such executed Written Assurance and shall keep a list identifying (a) all persons described in paragraphs 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed Written

3

Assurance and list shall be submitted to counsel for Ford upon Order of the Court requiring production.  However, for consulting experts who were not designated as testifying experts, Plaintiff's counsel may redact the name, address, and signature of the consultant before disclosing the executed Exhibit A and document list for that person, subject to any Order of the Court requiring disclosure of such information if the Court deems it appropriate.  To the extent the "Qualified Persons" described in paragraph 6(c) or 6(e) above include privileged non-testifying expert consultants, Counsel for Plaintiff shall retain each such executed Exhibit A and shall keep a list identifying (a) all such non-testifying expert consultants described in paragraphs 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons.  In the event that Ford seeks to compel the production of each unredacted and executed Exhibit A for good cause, Counsel for Plaintiff shall submit each unredacted and executed Exhibit A and list to the Court for *in camera* inspection.  Persons described in paragraph 6(b) shall be covered under the signature of Counsel of Record.

9. As the Protected Documents may only be distributed to Qualified Persons, Plaintiff's/Plaintiffs' Counsel, and all persons described in paragraph 6 above, may not post Protected Documents on any website or internet accessible document repository and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's Protected Documents and Confidential information.  This shall not preclude Counsel of Record from using computer and internet technology to share the Protected Documents with "Qualified Persons" or for document review and evaluation.  In any instance, Plaintiff must ensure the information is exchanged in a secure environment.

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with, referring to or referencing the Protected Documents or information. Ford shall either designate portions of testimony and/or documents as subject to the terms of this Order during the deposition or within thirty (30) days of the receipt of the final deposition transcript. Any such designation shall be by page and line number. Objections to the designations will be handled as with other documents.

11. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed under seal pursuant to local court practice or in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject to Protective Order" or "Subject To Non-Sharing Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

12. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13.     Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality, and such circumstances shall be governed by New Mexico law on inadvertent disclosure.

15.     This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties.  If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

16.     After termination of this litigation, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

17.     This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18.     Should Ford contend that certain, specific selected documents contain information of a highly sensitive proprietary and/or commercial nature which it desires to produce subject to greater restrictions than provided in paragraph 6, Ford shall visibly mark such material "Subject to Non-Sharing Protective Order" or other similar designation as "Non-Sharing."  Documents designated as "Non-Sharing" shall not be shared under paragraph 6(e).  If a party disagrees that any document so designated should not be entitled to such restrictions, the party will so notify

the producing party in writing, and the parties shall then follow the procedure set forth above in Paragraph 3. Any document so marked as "Non-Sharing" will continue to be treated as such pending determination by the Court as to its "Non-Sharing" status.

19.  Within ninety (90) days after the conclusion of this case, counsel for the parties who received Protected Documents which are marked "Non-Sharing" or other similar designation as "Non-Sharing" pursuant to paragraph 18 of this Protective Order shall either: (a) return to producing Defendants the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, and such documents shall be retained by the producing defendant for a period of ten (10) years; or (b) securely destroy the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, and certify such destruction to Defendants.

With respect to documents designated as "Sharing" or "Subject to Protective Order," Counsel for the parties shall not be required to return the Protected Documents to Ford after the conclusion of this case and may retain the documents pursuant to the terms of this Order.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**

APPROVED: *(Prior to modification by the Court)*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: /s/ *[signature]*
Jeff Croasdell
Todd Rinner
Rodey Law Firm
PO Box 1888
Albuquerque, NM 87103
jcroasdell@rodey.com
trinner@rodey.com
*Attorneys for Defendant Ford Motor Company*


By: approval received via email on 1-27-14
James B. Ragan
Law Offices of James B. Ragan
723 Coleman Avenue
Corpus Christi, TX  78401
jimragan13@gmail.com
Attorney for Plaintiff

Gilbert Arrazolo
Arrazolo Law, Inc.
715 Tijeras NW
Albuquerque, NM  87102
arrazololaw@gmail.com
Attorney for Plaintiff

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ROBERTO DEHERRERA, as Personal
Representative of the Estate of ROBERT
DEHERRERA III, Deceased,**

      **Plaintiff,**

v.                                                                                    No. CIV-13-0706 WPL/LAM

**FORD MOTOR COMPANY, and
CIMINO BROTHERS FORD INC.,**

      **Defendants.**

      **AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

      I have read the Confidentiality Order attached hereto and I understand its terms and meanings.  I agree that my signature below submits me to the jurisdiction of the First Judicial District Court, County of Santa Fe, State of New Mexico, in which the action of *Deherrera v. Ford Motor Company*, Case No. 2:13-cv-00706, is pending, and binds me to the provisions of the Confidentiality Order, including to all promises undertaken in the Order, as if originally agreed by me.

      **FURTHER AFFIANT SAYETH NOT:**

    This \_\_\_\_\_ day of _____, 20\_\_\_.


_____
Signature

9

SUBSCRIBED AND SWORN to before me

this ____ day of _____, 20____.

_____
NOTARY PUBLIC

My Commission Expires: